CRAIN, Judge.
This appeal is from a summary judgment in favor of defendants in a nullity action dismissing that suit.
Appellee, Oak Creek Corporation (Oak Creek), filed suit against Chandra Howard seeking to move a servitude of passage created by an act of cash sale in 1936 in favor of property subsequently acquired by Howard through the succession of her grandfather. The suit alleged the servitude had become burdensome and could be moved to a less burdensome location. As stated by the trial judge:
The sheriffs return was filed in the record reflecting that a due and diligent return had been made on the 28th of October, ’87, showing that the sheriff was unable to locate Ms. Howard. Subsequently, a process server was appointed in accordance with Article 1293 of the Code of Civil Procedure. That person made a return in the suit record on 1 December ’87, alleging that he had made domiciliary service on Ms. Howard through Frank Johnson at 11759 Perkins Road. Subsequently, a preliminary default was entered, and on January 11, 1988, Judge Downing signed a judgment relocating the servitude of passage across plaintiff’s land, in favor of Ms. Howard’s estate.
On October 28, 1988, Howard filed the present nullity action in her own proper person. Article II of that petition is divided into parts numbered one through ten. In one through three Howard attacked the default judgment as null because of improper service. In four through ten allegations were made with reference to the servitude itself and the appropriateness of the relocation. Those latter allegations were met with a motion to strike. Counsel enrolled to represent Howard and an amended petition was filed.
*354 The amended petition specifically deleted “sections (4), (5), (6), (7), (8), (9) and (10) from Paragraph II of the petition.” That left only the allegations dealing with sufficiency of service.
The allegations with reference to service of citation were that the process server made domiciliary service on one Frank Johnson at 11759 Perkins Road. On April 24, 1989, Howard’s deposition was taken. In that deposition Howard asserted that she lived at 11771 Perkins Road; there is no 11759 Perkins Road, and that her cousin Frank Johnson lived with her at 11771 Perkins Road at the time the suit to relocate the servitude was filed.
On May 5, 1989, a “Motion to Annul Error in Return” was filed requesting the return of service in the servitude relocation suit be amended to correctly show domiciliary service at 11771 Perkins Road rather than 11759. This correction was allowed and this motion for summary judgment followed based upon the deposition and an affidavit of the process server stating that he made a mistake in the original return. No counter affidavits were filed and summary judgment was granted based upon the court’s view that “domiciliary service was properly made and there has been nothing whatsoever filed in this record challenging now the validity of the services.”
This appeal ensued. Appellant now makes no reference to adequacy of service but argues that we should annul the default judgment because Howard, in her petition for nullity, mentioned La.C.C.P. art. 2004 and that is sufficient for us to find the default judgment null for fraud and ill practices because taken contrary to law. We disagree.
The sole basis for Howard’s nullity action is found in action IV of the amended petition. In that article it is first alleged that the default judgment “should be nullified pursuant to the Louisiana Code of Civil Procedure, Articles 2001, 2002.” La.C.C.P. art. 2001 states that final judgments may be annulled for vices of form or substance. La.C.C.P. art. 2002(2) provides for the annulment of a final judgment rendered against a person who has not been served with process according to law. Thus, in citing these two articles Howard obviously was asking for nullity of the default judgment based on defective service of process.
La.C.C.P. art. 2004 provides for annulment of judgments for “fraud or ill practices.” Article IV of the amended petition asks for annulment of the default judgment based on article 2004. However, it is specifically alleged “that defendants confirming the default judgment without having effected valid and legal service on Ms. Howard constitutes fraud and ill practice, and should be annulled pursuant to the Louisiana Code of Civil Procedure, Article 2004.”
The cause of action for annulment is based solely on allegations of defective service. The fact that the service is not defective is the sole basis for granting the summary judgment. The lower court was correct in determining the service was not defective. There is no other factual basis alleged in the petition for nullifying the default judgment. “In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity.” La.C.C.P. art. 856. The only circumstances alleged in this petition are facts relating to defective service. The trial court was correct in granting a summary judgment.
We affirm the summary judgment. All costs are to be paid by appellant.
AFFIRMED.